IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-Haqq, #126806, | ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-00535-TMC-MGB |
| v. | ) **REPORT AND RECOMMENDATION** |
| A/W Dean, *et al.*, | ) **OF MAGISTRATE JUDGE** |
| Defendants. | ) |

The Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

This matter is before the Court upon Defendant Dr. Lemons' (hereinafter referred to as "Dr. Lemon") Motion to Dismiss (Dkt. No. 27). For the reasons set forth herein, the undersigned recommends granting Dr. Lemon's Motion to Dismiss (Dkt. No. 27).

## FACTUAL BACKGROUND

On or about February 14, 2017, Plaintiff filed a document entitled "Declaration of Bilal A. Al-Haqq #126806 Dated February 12, 2017." (*See* Dkt. No. 1.) This document was originally filed in a different case, *Al-Haqq v. Bryant*, Civ. A. No. 2:14-cv-00008-MGB. On February 24, 2017, the undersigned issued the following text order in *Al-Haqq v. Bryant*, Civ. A. No. 2:14-cv-00008-MGB:

> TEXT ORDER: Judgment was entered in this case on November 15, 2016, judgment has been satisfied, and this case is now closed. Nonetheless, Plaintiff subsequently filed a document labeled as an "order to show cause for permanent injunction" (DE# 177), with a declaration (DE#187) in support. Plaintiff's document (DE# 177) indicates that he is attempting to bring an action "under 28 U.S.C. 2283 and 2282" and is seeking injunctive relief. Therefore, the Clerk of Court is directed to term the motion (DE#177), to open a new case as of the date of this order, and to file Plaintiff's documents (DE# 177, 187) as the pro se Complaint in the new case. The Clerk of Court should not accept any further filings in the closed case (No.

1

> 2:14-cv-8-MGB). Additionally, Plaintiff filed a declaration (DE# 186), which appears to complain that he has been denied medical care in February 2017. Therefore, the Clerk of Court is directed to open a second new case as of the date of this order, and to file Plaintiff's document (DE# 186) as the pro se Complaint there. Counsel in the closed case has no responsibility regarding the two new cases. Entered at the direction of Magistrate Judge Mary Gordon Baker on 2/24/2017.

(Dkt. No. 189 in Civ. A. No. 2:14-cv-00008-MGB.) Pursuant to this Text Order, the Clerk opened the case *sub judice*.

On March 1, 2017, the undersigned issued an Order giving Plaintiff a specified period of time to bring the instant case into proper form. (Dkt. No. 5.) Plaintiff complied with that Order; he also filed a Motion to Amend his Complaint. (Dkt. No. 9.) On March 17, 2017, the undersigned issued the following Text Order granting Plaintiff's Motion to Amend:

> TEXT ORDER granting 9 Motion to Amend/Correct. The Plaintiff's Motion to Amend his Complaint is hereby GRANTED. The Clerk of Court is directed to add Plaintiff's "Supplemental Complaint" to his Complaint and file the combined document as his Amended Complaint. Additionally, the Clerk of Court is directed to add Dr. Alden and Dr. Lemon[] as Defendants in this case.

(Dkt. No. 12.) This case is proceeding upon Plaintiff's Amended Complaint. (Dkt. No. 14; *see also* Dkt. No. 58.)

Plaintiff alleges in his Amended Complaint that he was "dashed in the face with chemicals" during a February 8, 2017 assault while he was incarcerated at Turbeville Correctional Institution. (Dkt. No. 14 at 1 of 4; Dkt. No. 14-2 at 1 of 37.) He contends that approximately three days after arriving at MacDougall Correctional Institution, after being transferred from Turbeville Correctional Institution, he was "finally seen at medical . . . about being dashed in the face with chemicals and [his] shoulder injury due to the February 8[] assault." (Dkt. No. 14 at 1 of 4.) According to Plaintiff, Nurse Palmer "gave Plaintiff an eye exam and requested that blood work be done to determine what had been thrown in Plaintiff's face, but Dr. Alden denied the request to have the blood work done. . . ." (*Id.*)

Plaintiff alleges that on March 9, 2017, he "was seen at medical by the eye doctor Dr. Lemon[]." (Dkt. No. 14 at 2 of 4.) According to Plaintiff, Dr. Lemon told Plaintiff, "Everything that you need done, they've told me that I can't do." (*Id.*) Plaintiff asserts his eyes were irritated, and Dr. Lemon "prescribed that [Plaintiff] be permitted to wear shades inside due to harsh lighting." (*Id.*) Plaintiff also alleges that Dr. Lemon prescribed liquid tears for six months to flush Plaintiff's eyes. (*Id.*) However, Plaintiff alleges that on March 11, 2017, "Plaintiff was informed by Lt. Howell that the doctor had backtracked, drew a line through permission to wear shades inside, and wrote in that Plaintiff has permission to wear shades outside." (Dkt. No. 14 at 3 of 4.) According to Plaintiff, SCDC policy allows all inmates "to wear shades outside, and changing the treatment without any notification to Plaintiff suggests that Dr. Lemon[] has worked in concert to further violate[] the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and to receive adequate medical care." (*Id.*)

## **STANDARD OF REVIEW**

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn

from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d 298).

## **DISCUSSION**

As noted above, Dr. Lemon seeks dismissal of the instant action against him. (*See* Dkt. No. 27.) Citing to Rule 12(b)(6), Dr. Lemon asserts that Plaintiff fails to state a claim upon which relief can be granted as to Dr. Lemon. (Dkt. No. 27 at 9.) Dr. Lemon contends that, "[e]ven assuming the recommendation was altered as Plaintiff believes, Plaintiff does not allege facts, in any form, that tend to suggest that Plaintiff has (or had at the time he was in Dr. Lemon's care) a 'serious medical need' to wear sunglasses indoors, or that Dr. Lemon's changing the recommendation to wear sunglasses outdoors caused Plaintiff 'unnecessary and wanton infliction of pain.'" (Dkt. No. 27 at 10.)[1]

---

[1]Citing to Rule 12(b)(4), Dr. Lemon also contends that Plaintiff's "Summons and Complaint lacks sufficient process because Dr. Lemon is not a named party to Plaintiff's Summons or Complaint." (Dkt. No. 27 at 8.) Dr. Lemon states, "Plaintiff failed to list Dr. Lemon as a defendant in his summons or complaints. Plaintiff also fails to list Dr. Lemon as a defendant in his Prisoner Complaint under the section for listing defendants. *Prisoner Compl. Pg. 2* (Dkt. Entry 14-2, Pg. 7-10)." (Dkt. No. 27 at 9.)

The undersigned is not persuaded by this argument. As noted above, the instant action was opened on February 24, 2017, pursuant to the undersigned's Order in *Al-Haqq v. Bryant*, Civ. A. No. 2:14-cv-00008-MGB. (*See* Dkt. No. 189 in Civ. A. No. 2:14-cv-00008-MGB.) On or about March 12, 2017, Plaintiff filed a Motion to Amend (Dkt. No. 9); on March 17, 2017, the undersigned issued the following Text Order granting Plaintiff's Motion to Amend:

> TEXT ORDER granting 9 Motion to Amend/Correct. The Plaintiff's Motion to Amend his Complaint is hereby GRANTED. The Clerk of Court is directed to add Plaintiff's "Supplemental Complaint" to his Complaint and file the combined document as his Amended Complaint. Additionally, the Clerk of Court is directed to add Dr. Alden and Dr. Lemon[] as Defendants in this case.

(Dkt. No. 12.) Plaintiff's "Supplemental Complaint" (Dkt. No. 14), which is part of Plaintiff's Amended Complaint, clearly requests relief as to Dr. Alden and Dr. Lemon. (*See* Dkt. No. 14 at 3 of 4.) Indeed, in granting Plaintiff's request to amend his Complaint, the undersigned specifically ordered the Clerk to add Dr. Lemon as a Defendant, and, in accordance with the undersigned's Order, the Clerk issued a summons as to Dr. Lemon. (*See* Dkt. No. 12; Dkt. No. 18.)

Dr. Lemon also asserts the Court lacks subject matter jurisdiction "because Plaintiff has suffered no actual injury traceable to Dr. Lemon's actions"; in so arguing, Dr. Lemon points to his Affidavit and Plaintiff's medical record. (Dkt. No. 27 at 4-6; *see also* Dkt. No. 27-1; Dkt. No. 27-2.) Defendant further asserts the Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 27 at 8.) Both of these arguments appear to require consideration of materials outside Plaintiff's Amended Complaint (Dkt. No. 14), and "[g]enerally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of the allegations set forth in the complaint and the documents attached to or incorporated into the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (internal quotation marks and citations omitted). Rule 12(d) provides as follows: "If, on a motion under

4

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (internal citations omitted). To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id*. It is well-settled that mere negligence does not constitute deliberate indifference. *Estelle*, 429 U.S. at 105-06; *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding that "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983).

The undersigned agrees with Dr. Lemon and recommends concluding Plaintiff fails to state a claim against Dr. Lemon. As noted above, Plaintiff alleges that on March 9, 2017, while he was an inmate at MacDougall Correctional Institution, he "was seen at medical by the eye doctor Dr. Lemon[]." (Dkt. No. 14 at 1-4.) Plaintiff alleges that his eyes were swollen and irritated, and that Dr. Lemon prescribed "liquid tears for six (6) months to flush [Plaintiff's] eyes." (Dkt. No. 14 at 2 of 4.) The crux of Plaintiff's Complaint against Dr. Lemon centers on the following allegation; Plaintiff alleges that Dr. Lemon also "prescribed that [Plaintiff] be permitted to wear shades inside due to harsh lighting." (Dkt. No. 14 at 2 of 4.) According to Plaintiff, two days later, on March 11, 2017, he was "informed . . . that the doctor had backtracked, drew a line through permission to wear

---

Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). In the instant Report and Recommendation, the undersigned has excluded consideration of matters outside the pleadings.

shades inside, and wrote in that Plaintiff has permission to wear shades outside." (Dkt. No. 14 at 2-3 of 4.) Accordingly, the dispute between Plaintiff and Dr. Lemon is whether Dr. Lemon--in failing to order Plaintiff be allowed to wear sunglasses indoors, or in changing his recommendation that Plaintiff be allowed to wear sunglasses both indoors and outdoors to a recommendation that Plaintiff be allowed to wear sunglasses outdoors--was deliberately indifferent to Plaintiff's serious medical needs.

The undersigned recommends concluding that the alleged actions of Dr. Lemon do not rise to the level of deliberate indifference. The Fourth Circuit's opinion in *Jackson v. Lightsey*, 775 F.3d 170 (4th Cir. 2014), is instructive. In that case, the Fourth Circuit addressed the district court's dismissal of an inmate's claim of deliberate indifference against Dr. Lightsey, a prison doctor. *Jackson*, 775 F.3d at 178-79. The plaintiff alleged that, prior to his incarceration, a cardiologist diagnosed him with congestive heart failure and prescribed numerous medications "that proved effective in managing [his] heart condition." *Jackson*, 775 F.3d at 174. The plaintiff further alleged that, upon his incarceration, he met with Dr. Lightsey, who was not a cardiologist, for a screening appointment. *Id*. According to the plaintiff, he presented Dr. Lightsey "with medical records documenting his cardiologist's diagnosis of congestive heart failure and his prescriptions, or notified Lightsey that [the plaintiff's cardiologist] would be sending the records to him separately." *Id*. The plaintiff alleged that Dr. Lightsey "proceeded to diagnose [the plaintiff] with a heart arrhythmia, a comparatively less serious condition, and to alter [the plaintiff's] medication regimen." *Id*. The plaintiff further alleged that "his health went into a tailspin following Lightsey's intervention," and "[h]e began to experience a number of unpleasant and alarming symptoms, including chest pains and burning sensations in several parts of his body" and ultimately suffered a heart attack. *Id*.

The plaintiff in *Jackson* appealed the district court's dismissal, pursuant to Rule 12(b)(6), of the plaintiff's action against Dr. Lightsey. The Fourth Circuit affirmed, stating,

> We agree that Jackson's allegations against Lightsey, though describing behavior that might support a medical malpractice claim, do not make out a case of deliberate indifference. Jackson contends that during a screening appointment, Lightsey, who is not a heart specialist, diagnosed Jackson with a heart arrhythmia, even though Jackson had produced or offered to produce medical records showing that a cardiologist had diagnosed and treated him for a more serious condition. Lightsey also substantially modified the medication regimen prescribed by Jackson's cardiologist. Though hindsight suggests that Lightsey's treatment decisions may have been mistaken, even gravely so, we agree with the district court that Jackson's claim against Lightsey is essentially a [d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care, and we consistently have found such disagreements to fall short of showing deliberate indifference. While a non-cardiologist's erroneous diagnosis of a serious heart condition, as alleged by Jackson, may well represent a deviation from the accepted standard of care, standing alone it is insufficient to clear the high bar of a constitutional claim.

*Id*. at 178-79 (internal quotation marks and citations omitted).

In the opinion of the undersigned, the case *sub judice*--like *Jackson*--essentially amounts to a disagreement over whether Dr. Lemon should have prescribed that Plaintiff be allowed to wear sunglasses indoors. *See Jackson*, 775 F.3d at 178-79; *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). Assuming that Dr. Lemon changed his recommendation for the plaintiff to wear sunglasses both indoors and outdoors, to a recommendation that the plaintiff wear sunglasses outdoors, such a change does not, in the opinion of the undersigned, state a plausible claim of deliberate indifference to Plaintiff's serious medical needs, particularly in light of the fact that Dr. Lemon prescribed artificial tears for Plaintiff and prescribed that Plaintiff be allowed to wear sunglasses outdoors. *See Jackson*, 775 F.3d at 178-79; *Wright*, 766 F.2d at 849; *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm resulting from . . . exposure to the challenged condition." (internal quotation marks and citation omitted)); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) ("[A] serious medical need is one

that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotation marks and citations omitted)); *Ramirez v. Bartos*, Civ. A. No. 05-2291-PHX-MHM (HCE), 2007 WL 2725246, at *4-5 (D. Ariz. Sept. 17, 2007) (granting summary judgment to the defendant on the claim that the defendant was deliberately indifferent when she modified the plaintiff's special needs order to allow the plaintiff to only wear sunglasses while outdoors, and not inside buildings, where "[u]ltimately[ the p]laintiff's claim is nothing more than a difference of medical opinion. . . . Plaintiff has not shown that the course of treatment Dudley chose was medically unacceptable in light of the circumstances and that it was chosen in conscious disregard of an excessive risk to plaintiff's health"). The undersigned therefore recommends granting Dr. Lemon's Motion to Dismiss (Dkt. No. 27).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Motion to Dismiss filed by Defendant Dr. Lemon (Dkt. No. 27) be GRANTED.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 29, 2017
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).